An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NICOLE BATCHELOR, AS TRUSTEE OF THE JAMES BATCHELOR REVOCABLE TRUST, Appellant, vs. GREGORY CORTESE, Respondent. | No. 57655 **FILED** APR 1 2 2013 TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ DEPUTY CLERK |

ORDER OF REVERSAL AND REMAND

This is an appeal from a district court summary judgment in a breach of contract action. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Respondent is a licensed Nevada attorney. James Batchelor, who is now deceased, loaned respondent's clients a sum of money and respondent agreed to pay Batchelor the money owed on the loan from any proceeds received by the clients in their unrelated lawsuit.[1] Respondent settled his clients' lawsuit, but did not pay Batchelor the money owed. Batchelor filed suit against respondent and respondent's law firm, alleging a breach of contract. The district court granted summary judgment on liability in favor of Batchelor. Batchelor then sought entry of judgment on the amount of damages, which respondent and his law firm opposed. At

_____

[1]James Batchelor's attorney filed a notice of suggestion of death and motion to substitute Nicole Batchelor, as trustee of the James Batchelor revocable trust, as appellant. The motion is unopposed. We therefore grant the motion to substitute and direct the clerk of this court to amend the caption on this court's docket to conform to the caption in this order.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10859

the same time, respondent sought dismissal of the lawsuit against him, arguing that he signed the contract as a representative of the law firm; Batchelor opposed that motion. The district court granted respondent's motion to dismiss and entered judgment only against respondent's law firm. Appellant now appeals the dismissal of respondent.

Appellant argues that because respondent signed the contract with his own name, and the contract does not identify the law firm, respondent is personally liable under NRS 104.3402(2)(b). Under the relevant portion of NRS 104.3402(2)(b), when a representative personally signs the instrument, and the form of the signature fails to unambiguously show that it was done in a representative capacity, "the representative is liable on the instrument unless the representative proves that the original parties did not intend the representative to be liable on the instrument."[2] Nothing in the document unambiguously demonstrated that respondent signed solely in a representative capacity. Therefore, respondent is liable unless he can demonstrate that the parties did not intend such a result. NRS 104.3402(2)(b). As the document is ambiguous, an evidentiary hearing on the issue was necessary. See Threlkel v. Shenanigan's, Inc., 110 Nev. 1088, 1093, 881 P.2d 674, 677 (1994) (stating that "[a]mbiguity in the instrument requires an evidentiary determination that may or may

---

[2]As respondent does not contest the applicability of NRS 104.3402 to the document at issue, we assume without deciding that the statute applies. We note that even if the statute did not apply, the same outcome would result under the application of general agency law, as outlined in Restatement (Third) of Agency § 6.02 (2006) (stating that when an agent makes a contract for an unidentified principal, the agent is a party to the contract unless the parties otherwise agree) or Restatement (Third) of Agency § 6.03 (2006) (stating that when an agent makes a contract for an undisclosed principal, the agent is a party to the contract).

not result in personal liability"). Thus, the district court improperly granted respondent's motion to dismiss based solely on the document itself and no other evidence of the parties' intent. NRS 104.3402(2)(b); Threlkel, 110 Nev. at 1093, 881 P.2d at 677.

Respondent asserts that he cannot be held personally liable for an obligation of the limited liability company law firm as outlined under NRS 86.371 and NRS 86.381. This argument fails, however, because it assumes that the liability is only that of the limited liability company. As outlined above, it is unclear whether respondent is personally liable on the contract. Thus, NRS 86.371 and NRS 86.381 do not apply.

Having reviewed the parties' briefs and the appendices on appeal, we conclude that the district court erred in granting respondent's motion to dismiss. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

---

[3]Based on our resolution of this appeal, we need not address the parties' remaining arguments.

cc: Hon. Douglas W. Herndon, District Judge
William F. Buchanan, Settlement Judge
Law Offices of James J. Ream
Cortese Law Firm
Eighth District Court Clerk